The record in these cases shows that the publicly owned property in question is not used exclusively for a public purpose. There is no difference in principle between an airport and a railroad depot or a bus station. While there is an element of public convenience involved, the airport, the railroad depot and the bus station are essential transportation facilities the use of which is paid for by the passenger when purchasing a ticket from a privately owned public utility. There is no reason why any of the cost involved in such transportation should be shifted from the passenger to the general public.
No authority is to be found in Article XVIII of the Constitution which authorizes a municipality to establish a public utility within the limits of another taxing authority without contributing to the expense of government of that other authority. The record shows that Wood county is being put to additional expense on account of this airport and in its opinion is entitled to have this property entered on its tax duplicate as taxable.
The calling of an airport a public utility does not ipsofacto result in a tax exemption. I need not stop to examine whether an airport may be classed as a public utility for the reason that Section 4, Article XVIII of the Constitution (which authorizes municipalities to acquire and operate public utilities within or without their corporate limits), does not modify the provisions of Section 2 of Article XII of the Constitution which authorizes the exemption from taxation of public property only when it is used exclusively for a public purpose. *Page 162 
Furthermore, I question the right of a municipality to establish an airport. Section 6 of Article VIII of the Constitution forbids a municipality to raise money for, or to loan its credit to, or in aid of, any joint stock company, corporation or association whatever.
As said by Judge Johnson in State, ex rel. Campbell, Pros.Atty., v. Cincinnati Street Ry. Co., 97 Ohio St. 283, 304,119 N.E. 735: "However, these sections of Article XVIII must be construed with Section 6 of Article VIII, which, as already stated, was readopted at the same time. They are entirely consistent and full effect must be given to all of them."
I think the following language of Mr. Justice Peckham inBank of Commerce v. Tennessee, 161 U.S. 134, 146,40 L.Ed., 645, 649, 16 S.Ct., 456, is appropriate here: "Taxes being the sole means by which sovereignties can maintain their existence, any claim on the part of any one to be exempt from the full payment of his share of taxes on any portion of his property must on that account be clearly defined and founded upon plain language. There must be no doubt or ambiguity in the language used upon which the claim to the exemption is found. It has been said that a well founded doubt is fatal to the claim; no implication will be indulged in for the purpose of construing the language used as giving the claim for exemption, where such claim is not founded upon the plain and clearly expressed intention of the taxing power." *Page 163